IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

SHERMAN JUMPER, )
)
                Plaintiff, )
)
vs. ) Case No. 13-cv-01022-MJR
)
RICK WATSON, MAJOR McLAURIN, )
and THOMAS TRICE, )
)
                Defendants. )

## MEMORANDUM AND ORDER

**REAGAN, District Judge:**

       Plaintiff Sherman Jumper, a pretrial detainee at St. Clair County Jail ("Jail"), brings this action under 42 U.S.C. § 1983 and the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346, 2671-2680 (Doc. 1). Plaintiff sues three St. Clair County Sheriff's Department officials, including Rick Watson (sheriff), Major McLaurin (superintendent), and Thomas Trice (captain), for claims arising from the conditions of his confinement at the Jail (Doc. 1, pp. 5-8). He seeks compensatory and punitive damages (Doc. 1, p. 8).

       This case is now before the Court for a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A. Under § 1915A, the Court is required to promptly screen prisoner complaints to filter out nonmeritorious claims. *See* 28 U.S.C. § 1915A(a). This statute applies with equal force to complaints filed by pretrial detainees. *Id*. Under § 1915A(b), the Court is required to dismiss any portion of the complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief. After fully considering the allegations in the complaint, the Court concludes that it fails to state any cognizable claim and shall be dismissed.

1

**The Complaint**

According to the complaint, Plaintiff was exposed to unconstitutional conditions of confinement during his pretrial detention at the Jail from March 15th - June 4th, 2012, and from June 25th - August 6th, 2013 (Doc. 1, p. 5). For two months, he was forced to sleep on the Jail's gymnasium floor with forty other detainees. There, they endured unsanitary conditions, excessive heat, and excessive noise levels. A single toilet served forty detainees. They had problems sleeping because of mice and bugs, persistent noise, and no air conditioning. As temperatures soared above 100 degrees Fahrenheit, five pretrial detainees passed out. Plaintiff complained about these conditions. However, "the defendant's [sic] failed to do anything" about the conditions. Plaintiff requested placement in a cell block, but his request was denied.

On or around July 20, 2013, Plaintiff was assigned to work in the Jail's kitchen (Doc. 1, p. 6). There, he observed mold on the kitchen's ceiling and walls. He observed mice and roaches running on and around food as it was being prepared. He also observed standing water containing dead roaches and mice droppings on the kitchen floor. Plaintiff complained directly to Defendants McLaurin and Trice about the conditions in the kitchen, but Defendants failed to correct the problems.

Soon after complaining about these conditions, Plaintiff was summoned to the gymnasium's stairwell (Doc. 1, pp. 5-6). There, four unknown correctional officers beat Plaintiff (Doc. 1, p. 6). They pushed his head into a brick wall five times. They punched him in the ribs and stomach. In the process, one officer pointed a taser gun in Plaintiff's face and threatened to use it if Plaintiff spoke or moved. The officers then threatened to beat Plaintiff again, if he complained about the conditions. Plaintiff did not name any of these unknown officers as defendants in this action.

Plaintiff now sues Defendants Watson, McLaurin, and Trice in their official capacities under § 1983 and the FTCA (Doc. 1). He seeks monetary damages (Doc. 1, p. 8).

**DISCUSSION**

The Court finds it convenient to divide the complaint into four counts. The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court.

**Count 1:** FTCA claim against Defendants Watson, McLaurin, and Trice.

**Count 2:** Conditions of confinement claim against Defendants Watson, McLaurin, and Trice.

**Count 3:** Excessive force claim against unknown correctional officers.

**Count 4:** Retaliation claim against unknown correctional officers.

**Count 1 – FTCA Claim**

Plaintiff's FTCA claim (**Count 1**) fails. The FTCA provides jurisdiction for suits against the United States regarding torts committed by federal officials, not state officials. *See* 28 U.S.C. §§ 1346, 2671-2680. The complaint names three defendants. All three are state officials. Because Plaintiff cannot bring an FTCA claim against them, Count 1 shall be dismissed.

**Count 2 – Conditions of Confinement Claim**

Similarly, Plaintiff's conditions of confinement claim (**Count 2**) must be dismissed. Claims that relate to the conditions of confinement, such as the allegations in Plaintiff's complaint, fall under the "cruel and unusual punishment" clause of the Eighth Amendment. Although claims brought pursuant to § 1983, when involving detainees, arise under the Fourteenth Amendment and not the Eighth Amendment, *see Weiss v. Cooley*, 230 F.3d

1027, 1032 (7th Cir. 2000), the Seventh Circuit has "found it convenient and entirely appropriate to apply the same standard to claims arising under the Fourteenth Amendment (detainees) and Eighth Amendment (convicted prisoners) 'without differentiation.'" *Board v. Farnham*, 394 F.3d 469, 478 (7th Cir. 2005) (quoting *Henderson v. Sheahan*, 196 F.3d 839, 845 n. 2 (7th Cir. 1999)). Thus, for "cruel and unusual punishment" claims brought by a detainee, the plaintiff must show that the jail officials knew that the plaintiff was at risk of serious harm, and that they disregarded that risk by failing to reasonably discharge it. *Grieveson v. Anderson*, 538 F.3d 763, 771-72 (7th Cir. 2008).

All Eighth Amendment claims have an objective and a subjective component. *McNeil v. Lane,* 16 F.3d 123, 124 (7th Cir. 1994); *see also Wilson v. Seiter,* 501 U.S. 294, 302 (1991). The objective component focuses on the nature of the acts or practices alleged to constitute cruel and unusual punishment. *Jackson v. Duckworth,* 955 F.2d 21, 22 (7th Cir. 1992). The objective analysis examines whether the conditions of confinement exceeded contemporary bounds of decency of a mature civilized society. *Id*. The condition must result in unquestioned and serious deprivations of basic human needs or deprive inmates of the minimal civilized measure of life's necessities. *Rhodes v. Chapman,* 452 U.S. 337, 347 (1981); *accord Jamison-Bey v. Thieret*, 867 F.2d 1046, 1048 (7th Cir. 1989); *Meriwether v. Faulkner*, 821 F.2d 408, 416 (7th Cir. 1987).

As pleaded, Plaintiff's claims regarding health and sanitation—such as exposure to mold, too few toilets, lack of air conditioning, mice and roaches, and food contamination, etc.—are actionable claims. *See Vance v. Rumsfeld*, 701 F.3d 193, 205-06 (7th Cir. 2012) (citing *Wilson,* 501 U.S. at 304 (holding that conditions of confinement may establish an Eighth Amendment violation in combination, even if each might not suffice alone; this would occur

when they have "a mutually enforcing effect that produces the deprivation of a single, identifiable human need such as food, warmth, or exercise")). Nevertheless, the complaint has other problems.

The subjective component of an Eighth Amendment claim implicates the intent with which the acts or practices constituting the alleged punishment are inflicted. *Jackson*, 955 F.2d at 22. The subjective component requires that a prison official had a sufficiently culpable state of mind. *Wilson*, 501 U.S. at 298; *see also McNeil,* 16 F.3d at 124. In conditions of confinement cases, the relevant state of mind is deliberate indifference to inmate health or safety; the official must be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he also must draw the inference. *See, e.g., Farmer v. Brennan*, 511 U.S. 825, 837 (1994); *Wilson*, 501 U.S. at 303; *Estelle v. Gamble*, 429 U.S. 97, 104 (1976); *Del Raine v. Williford*, 32 F.3d 1024, 1032 (7th Cir. 1994).

As pleaded, it is not clear that the allegations in the complaint satisfy the subjective prong as to any particular defendant. No allegations address Defendant Watson's alleged deliberate indifference to the unconstitutional conditions of Plaintiff's confinement. Merely naming a defendant in the caption is insufficient to state a claim. *See Collins v. Kibort*, 143 F.3d 331, 334 (7th Cir. 1998). The allegations addressing Defendants McLaurin and Trice's deliberate indifference are sketchy at best, providing little detail about Plaintiff's actual complaint(s) and each defendant's response(s) (Doc. 1, pp. 6-7).

The complaint is flawed for other reasons as well. Plaintiff has sued Defendants Watson, McLaurin, and Trice in their official capacities for monetary damages. While it is possible to raise an official capacity claim for purposes of requesting injunctive relief, Plaintiff has not done so in the complaint. *See Delaney v. DeTella*, 256 F.3d 679, 687 (7th Cir. 2001)

(warden could be liable for injunctive relief relative to a prison policy imposing an unconstitutional condition of confinement). According to the complaint, Plaintiff does not seek injunctive relief. He seeks monetary damages. However, the Eleventh Amendment bars official capacity claims for monetary damages. *Brown v. Budz*, 398 F.3d 904, 917-18 (7th Cir. 2005). Consequently, no official capacity claim has been stated against Defendant Watson, or any other defendant for that matter. Further, Plaintiff has not named any defendants in their individual capacities. Accordingly, Count 2 fails and shall be dismissed.

**Count 3 – Excessive Force Claim**

Plaintiff does not explicitly set forth an excessive force claim (**Count 3**). However, the complaint describes an incident in which Plaintiff was beaten by several correctional officers. Because it appears that he may have been attempting to raise such a claim, the Court will address it in this Order.

Excessive force claims are analyzed under the same Eighth Amendment rubric set forth in Count 2. In the prison context, the Eighth Amendment is violated where there is an "unnecessary and wanton infliction of pain." *Whitley v. Albers*, 475 U.S. 312, 319 (1986). Force is considered excessive where it is not utilized in "a good-faith effort to maintain or restore discipline," but instead is applied "maliciously and sadistically" to cause harm. *Hudson v. McMillian*, 503 U.S. 1, 7 (1992).

The complaint describes an incident in which four unknown correctional officers used force against Plaintiff, after Plaintiff complained about the conditions of his confinement. The officers beat Plaintiff and threatened further harm. However, the complaint does not name these officers as defendants in this action or designate the officers as defendants using fictitious names. *See Maclin v. Paulson*, 627 F.2d 83, 87 (7th Cir. 1980) (holding that *Bivens v. Six*

*Unknown Named Agents of the Fed. Bureau of Narcotics*, 403 U.S. 388 (1971), impliedly recognized that plaintiffs can designate defendants through the use of fictitious names). It is therefore unclear whether Plaintiff intended to bring a claim against these officers. Plaintiff's failure to explicitly raise an excessive force claim against them, address any elements of the claim, or name the correctional officers as defendants (through actual or fictitious names) in the complaint warrants dismissal of this claim. Accordingly, Count 3 shall be dismissed.

**Count 4 – Retaliation Claim**

Plaintiff's potential retaliation claim (**Count 4**) shall also be dismissed for the same reasons that Count 3 is being dismissed. The complaint does not mention "retaliation" or specifically raise this claim. However, the complaint alleges that Plaintiff was beaten and threatened, after he complained about the conditions of his confinement. The correctional officers who committed these acts are neither named as defendants, nor identified as such through the use of fictitious names.

In the prison context, an inmate must identify the reasons that retaliation has been taken, as well as "the act or acts claimed to have constituted retaliation," so as to put those charged with the retaliation on notice of the claim(s). *Higgs v. Carver*, 286 F.3d 437, 439 (7th Cir. 2002). The inmate need not plead facts to establish the claim beyond doubt, but need only provide the bare essentials of the claim, and in a claim for retaliation the reason for the retaliation and the acts taken in an effort to retaliate suffice. *Id.* Because the complaint does not explicitly raise a retaliation claim or name the officers as defendants (using real of fictitious names), this claim shall be dismissed.

For the reasons set forth above, Plaintiff's complaint is subject to dismissal. Rather than dismiss the entire action, however, the Court shall allow Plaintiff one opportunity to

submit an amended complaint in order to correct the deficiencies in his pleading. Plaintiff is advised that as he prepares his amended complaint, he should follow the instructions on the Court's civil rights complaint form. That form directs Plaintiff to state "when, where, how, and by whom" his rights were violated (Doc. 1, p. 5). Put simply, Plaintiff should state the facts that support his claim, including *who* violated his constitutional rights and what actions resulted in the violation. It is acceptable at this stage to refer to unknown defendants in generic terms, e.g., "John/Jane Doe." However, in order to pursue his claims, Plaintiff must refer to some defendant who personally participated in a constitutional deprivation and set forth those actions that constituted personal participation. With this in mind, Plaintiff shall be granted one opportunity to amend his complaint in this action.

## DISPOSITION

**IT IS HEREBY ORDERED** that **COUNT 1** is **DISMISSED with prejudice** for failure to state a claim upon which relief can be granted. **COUNTS 2, 3,** and **4** are **DISMISSED without prejudice** for failure to state a claim upon which relief can be granted.

**IT IS ORDERED** that the complaint (Doc. 1) is **DISMISSED without prejudice** for failure to state a claim upon which relief may be granted.

**IT IS ALSO ORDERED** that Defendants **WATSON, McLAURIN,** and **TRICE** are **DISMISSED without prejudice** from this action.

**IT IS FURTHER ORDERED** that, should he wish to proceed with this case, Plaintiff shall file his First Amended Complaint within 35 days of the entry of this order (on or before January 16, 2014). The First Amended Complaint shall state the facts supporting Plaintiff's claim regarding conditions of confinement at St. Clair County Jail, and shall name the individual defendants directly responsible for the alleged constitutional deprivations. Plaintiff

must refer to some defendant who personally participated in a constitutional deprivation and set forth those actions that constituted personal participation. As explained above, it is acceptable at this stage to refer to unknown defendants in generic terms, e.g., "John/Jane Doe."

Plaintiff is **ADVISED** that an amended complaint supersedes and replaces the original complaint, rendering the original complaint void. *See Flannery v. Recording Indus. Ass'n of Am.,* 354 F.3d 632, 638 n.1 (7th Cir. 2004). The Court will not accept piecemeal amendments to the original complaint. Thus, the First Amended Complaint must stand on its own, without reference to any other pleading. Failure to file an amended complaint that conforms with this Order shall result in the dismissal of this action with prejudice. Such a dismissal shall count as one of Plaintiff's three allotted "strikes" within the meaning of 28 U.S.C. § 1915(g).

No service shall be ordered on any Defendant until after the Court completes its § 1915A review of the First Amended Complaint.

In order to assist Plaintiff in preparing his amended complaint, the Clerk is **DIRECTED** to mail Plaintiff a blank civil rights complaint form.

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under § 1915, Plaintiff will be required to pay the full amount of the costs, notwithstanding that his application to proceed *in forma pauperis* has been granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is **ADVISED** that at the time application was made under 28 U.S.C. § 1915 for leave to commence this civil action without being required to prepay fees and costs or give security for the same, the applicant and his or her attorney were deemed to have entered into a stipulation that the recovery, if any, secured in the action shall be paid to the Clerk of the

Court, who shall pay therefrom all unpaid costs taxed against plaintiff and remit the balance to plaintiff. Local Rule 3.1(c)(1).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: December 11, 2013**

s/ MICHAEL J. REAGAN
United States District Judge