IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| SHERMAN JUMPER, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>RICK WATSON, MAJOR McLAURIN, )<br>and THOMAS TRICE, )<br>)<br>Defendants. ) | Case No. 13-cv-01022-MJR |

## MEMORANDUM AND ORDER

**REAGAN, District Judge:**

On October 2, 2013, Plaintiff filed a complaint against three St. Clair County Sheriff's Department officials pursuant to 42 U.S.C. § 1983 and the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346, 2671-2680 (Doc. 1). Plaintiff's claims arose from the conditions of his confinement at St. Clair County Jail (Doc. 1, pp. 5-8). The complaint failed to state a cognizable claim under the FTCA, and that claim was dismissed with prejudice. The complaint also failed to state claims under 42 U.S.C. § 1983 for unconstitutional conditions of confinement, excessive force, or retaliation; these claims were dismissed without prejudice.

On December 12, 2013, the Court dismissed the complaint without prejudice and with leave to file an amended complaint. Plaintiff was instructed to file an amended complaint stating facts supporting Plaintiff's claims for the alleged constitutional deprivations within thirty-five (35) days of the Court's Order dismissing the case (i.e., by January 16, 2014). Thirty-five (35) days have since passed. The Plaintiff has not filed an amended complaint.

As a result, this case is **DISMISSED with prejudice** for failure to comply with an order of this Court. FED. R. CIV. P. 41(b); *see generally Ladien v. Astrachan,* 128 F.3d 1051

(7th Cir. 1997)*; Johnson v. Kamminga,* 34 F.3d 466 (7th Cir. 1994).  This dismissal shall count as one of Plaintiff's three allotted "strikes" within the meaning of 28 U.S.C. § 1915(g).

If Plaintiff wishes to appeal this dismissal, he may file a notice of appeal with this Court within thirty days of the entry of judgment.  FED. R. APP. P. 4(a)(1)(A).  A motion for leave to appeal *in forma pauperis* should set forth the issues Plaintiff plans to present on appeal.  *See* FED. R. APP. P. 24(a)(1)(C).  If Plaintiff does choose to appeal, he will be liable for the $500.00 appellate filing fee irrespective of the outcome of the appeal.  *See* FED. R. APP. P. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d 724, 725-26 (7th Cir. 2008); *Sloan v. Lesza*, 181 F.3d 857, 858-59 (7th Cir. 1999); *Lucien v. Jockisch,* 133 F.3d 464, 467 (7th Cir. 1998).  Moreover, if the appeal is found to be nonmeritorious, Plaintiff may also incur a "strike."  A timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) may toll the 30-day appeal deadline.  FED. R. APP. P. 4(a)(4).

The Clerk's Office is **DIRECTED** to close this case and enter judgment accordingly.

**IT IS SO ORDERED.**

**DATED: February 4, 2014**

s/ MICHAEL J. REAGAN
United States District Judge